IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRY V. McMULLEN,<br><br>    Defendant. | REDACTED<br><br>Criminal Action No. 05-89 |

**INDICTMENT**

The federal grand jury for the District of Delaware charges that:

**COUNTS ONE THROUGH SIXTEEN**

FILED
SEP 27 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

*Introduction*

    1.    From in or around December, 2001, through on or about February 18, 2005, Harry V. McMullen, the defendant, held the position of treasurer for the Cranston Heights Fire Company (hereinafter referred to as "the company") in Wilmington, Delaware. As treasurer, the defendant exercised sole management and control over the company's bank accounts, and he alone monitored the activity of the company's bank accounts.

*Scheme and Artifice to Defraud*

    2.    Harry McMullen, defendant herein, did devise and intend to devise a scheme and artifice to defraud the Cranston Heights Fire Company.

    3.    On or about August 1, 2003, Harry V. McMullen, the defendant, opened two bank accounts for the company - the medical billing account and the hall account. On or about that same date, the defendant applied for and obtained ATM cards for the two accounts. The cards were embossed with both the defendant's name and the name of the company. The defendant

obtained the cards without the knowledge or approval of the officers and/or the board of the company.

4.   From on or about October 20, 2003, to on or about December 4, 2004, Harry V. McMullen, the defendant, used the ATM card he had obtained for the medical billing account to take 396 cash withdrawals totaling $181,004.75 from that account. From on or about October 28, 2003, to on or about January 13, 2005, the defendant used the ATM card he had obtained for the hall account to take 196 cash withdrawals totaling $107,703.00 from that account. The total of the unauthorized cash withdrawals is $288,707.75. The defendant did not redeposit the money into any of the company's bank accounts nor did the defendant use the money for the company's benefit.

5.   Pursuant to the company's constitution and bylaws, as treasurer, the defendant had the duty of making "a report at each regular meeting, giving a statement of all receipts and disbursements." During the relevant time period, the company had monthly company meetings, and the defendant gave the required reports. However, in listing disbursements, the defendant did not mention the ATM withdrawals.

6.   Sometime in or around the summer of 2004, Harry V. McMullen, the defendant, hired a new accountant for the company. The defendant did not inform the accountant when he, the defendant, opened the hall and medical billing accounts. The defendant told the accountant about only one of the company's accounts, the operating account, but did not provide the accountant with all the bank statements for the operating account. In response to the accountant's repeated requests for the bank records, the defendant repeatedly assured the accountant that he, the defendant, would provide the records. However, the accountant never

received the records from the defendant.

7.  On or about February 17, 2005, the president of the company learned that the company's operating account, which was used to pay the majority of the bills and the payroll for the company, was overdrawn.

8.  Also on or about February 17, 2005, the president of the company called the defendant and asked him to come to the department to talk about the overdrawn account and to review the department's bank accounts. When the two met that same evening, the defendant falsely told the president that he had accidentally mismanaged the operating account by failing to account for automatic withdrawals which were regularly deducted from that account. When the president asked the defendant to produce the bank records for the company's accounts, the defendant could not did so, falsely stating that the records were with the accountant and/or at his home.

*Charging Paragraphs*

9.  From on or about October 20, 2003, through on or about February 18, 2005, in the State and District of Delaware, having devised and intending to devise the scheme and artifice to defraud Cranston Heights Fire Company as described in paragraphs one through eight above, incorporated herein by reference, and for the purpose of executing such scheme and artifice to defraud, Harry V. McMullen, the defendant, did knowingly transmit signals by wire in interstate commerce between Wilmington, Delaware and Providence, Rhode Island, by making the following cash withdrawals from Cranston Heights Fire Company bank accounts via Citizens Bank ATM terminals which correspond to the following counts of the Indictment:

| Count | Date of Withdrawal | Amount of Withdrawal | Location of Withdrawal | Account Name |
|---|---|---|---|---|
| One | October 20, 2003 | $400 | Chestnut Hill Plaza, Newark | Medical Billing |
| Two | November 30, 2003 | $600 | Kirkwood Plaza, Wilmington | Hall |
| Three | December 22, 2003 | $600 | Kirkwood Plaza, Wilmington | Medical Billing |
| Four | January 24, 2004 | $600 | Kirkwood Plaza, Wilmington | Hall |
| Five | February 16, 2004 | $600 | Kirkwood Plaza, Wilmington | Medical Billing |
| Six | March 21, 2004 | $600 | Kirkwood Plaza, Wilmington | Hall |
| Seven | April 10, 2004 | $600 | Kirkwood Plaza, Wilmington | Medical Billing |
| Eight | May 4, 2004 | $600 | Chestnut Hill Plaza, Newark | Hall |
| Nine | June 19, 2004 | $600 | Kirkwood Plaza, Wilmington | Medical Billing |
| Ten | July 28, 2004 | $600 | Kirkwood Plaza, Wilmington | Hall |
| Eleven | August 15, 2004 | $600 | Kirkwood Plaza, Wilmington | Medical Billing |
| Twelve | September 2, 2004 | $600 | Kirkwood Plaza, Wilmington | Hall |
| Thirteen | October 23, 2004 | $600 | Kirkwood Plaza, Wilmington | Medical Billing |
| Fourteen | November 14, 2004 | $600 | Acme Ogletown, Newark | Hall |
| Fifteen | December 4, 2004 | $600 | Marsh Road, Wilmington | Medical Billing |

| Sixteen | January 13, 2005 | $400 | Kirkwood Plaza, Wilmington | Hall |

Each in violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
Foreperson


COLM F. CONNOLLY
United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney


Dated: September 27, 2005