## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :

      Plaintiff      :

      :

      v.      :      Criminal Action No. 05-89-KAJ

      :

HARRY V. McMULLEN,      :

      Defendant.      :

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Harry V. McMullen, by and through his attorney, Joe Hurley, Esquire, the following agreement is hereby entered into by the respective parties:

1.      The defendant, Harry V. McMullen, agrees to waive indictment and plead guilty to Count One of the Information charging him with wire fraud in violation of Title 18, United States Code, Section 1343, which carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2.      The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Indictment: (a) the defendant knowingly devised a scheme or artifice to defraud; (b) the defendant did so with the intent to defraud; and (c) in advancing, or furthering, or carrying out this scheme to defraud, the defendant caused the transmission of any writing, signal or sound of some kind by means of a wire in

interstate commerce.

3.    The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) from approximately December, 2001, through February 18, 2005, he held the position of treasurer for the Cranston Heights Fire Company and, as treasurer, exercised sole management and control over the company's bank accounts, and he alone monitored the activity of the company's bank accounts; (b) while treasurer, he knowingly devised a scheme to defraud the Cranston Heights Fire Company; (c) from October 20, 2003, to January 13, 2005, in carrying out the scheme to defraud, the defendant, using ATM cards he had obtained without the consent of the officers and/or the board of the fire company, took cash withdrawals via ATM terminals from two fire company accounts and used the money he obtained for his own benefit; and (d) the use of the ATM terminals caused the transmission of a writing, signal or sound by means of a wire in interstate commerce.

4.    The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government likely will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5.    The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6.     Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7.     At the time of sentencing, the government agrees to move to dismiss the Indictment that was returned against the defendant on September 27, 2005.

8.     The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal.  The parties realize that the Court is not bound by any stipulations reached by the parties.  The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9.     The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

10.    The defendant agrees to forfeit all interests in any fraud related asset that the

defendant currently owns, has previously owned or over which the defendant currently, or has in

the past, exercised control, directly or indirectly, and any property the defendant has transferred,

as well as any property that is traceable to, derived from, fungible with, or a substitute for

property that constitutes the proceeds of his offense.  The defendant knowingly and voluntarily

consents to the administrative forfeiture of any such property.  The defendant agrees to hold the

United States, its agents and employees harmless from any claims whatsoever in connection with

the seizure or forfeiture of property covered by this agreement.

11.    The defendant further agrees to waive all interest in any such asset in any

administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The

defendant agrees to consent to the entry of orders of forfeiture for such property and waives the

requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the

forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and

incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that

the forfeiture of assets is part of the sentence that may be imposed in this case and waives any

failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea

is accepted.

12.    The defendant further agrees to waive all constitutional and statutory challenges in

any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried

out in accordance with this Memorandum of Plea Agreement on any grounds, including that the

forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as

requested by the United States to pass clear title to forfeitable assets to the United States, and to

testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property

Case 1:05-cr-00089-GMS    Document 15    Filed 02/08/2006    Page 5 of 5

covered by this agreement is subject to forfeiture as proceeds of illegal conduct or as substitute assets for property otherwise subject to forfeiture.

13.     It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

BY:

_____          _____
Harry V. McMullen                         Beth Moskow-Schnoll
Defendant                                 Assistant United States Attorney

_____
Joe Hurley
Attorney for Defendant

Dated: February 9, 2006

**AND NOW,** this ___ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby  (accepted) (rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
United States District Court Judge