

U.S. Department of Justice

United States Attorney's Office
District of Delaware

*Nemours Building*  (302) 573-6277
*1007 N. Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

February 8, 2006

The Honorable Kent A. Jordan
U.S. District Court
844 King Street
Wilmington, DE 19801

      Re:    **United States v. Harry V. McMullen**
              **Criminal Action No. 05-89-KAJ**

Dear Judge Jordan:

      As the Court is aware, the defendant is scheduled to enter a guilty plea tomorrow. As part of the proposed Memorandum of Plea Agreement, the defendant has agreed to waive indictment and plead guilty to a one count Information. The United States intends to file the Information in open court tomorrow during the plea hearing. Therefore, we have attached a courtesy copy of the proposed Information for the Court's review.

      Respectfully submitted,

      COLM F. CONNOLLY
      United States Attorney

BY:      /s/
      Beth Moskow-Schnoll
      Assistant United States Attorney

cc:  Clerk, U.S. District Court
     Joseph A. Hurley, Esq.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-89-KAJ |
| HARRY V. McMULLEN, | : |
| Defendant. | : |

### INFORMATION

The United States Attorney for the District of Delaware charges that:

### COUNT ONE

*Introduction*

1. From in or around December, 2001, through on or about February 18, 2005, Harry V. McMullen, the defendant, held the position of treasurer for the Cranston Heights Fire Company (hereinafter referred to as "the company") in Wilmington, Delaware. As treasurer, the defendant exercised sole management and control over the company's bank accounts, and he alone monitored the activity of the company's bank accounts.

*Scheme and Artifice to Defraud*

2. Harry McMullen, defendant herein, did devise and intend to devise a scheme and artifice to defraud the Cranston Heights Fire Company.

3. On or about August 1, 2003, Harry V. McMullen, the defendant, opened two bank accounts for the company - the medical billing account and the hall account. On or about that same date, the defendant applied for and obtained ATM cards for the two accounts. The cards

were embossed with both the defendant's name and the name of the company.

4. From on or about October 20, 2003, to on or about December 4, 2004, Harry V. McMullen, the defendant, used the ATM card he had obtained for the medical billing account to take cash withdrawals from that account. From on or about October 28, 2003, to on or about January 13, 2005, the defendant used the ATM card he had obtained for the hall account to take cash withdrawals from that account. The defendant did not redeposit the cash he withdrew into any of the company's bank accounts nor did the defendant use the money for the company's benefit.

5. Pursuant to the company's constitution and bylaws, as treasurer, the defendant had the duty of making "a report at each regular meeting, giving a statement of all receipts and disbursements." During the relevant time period, the company had monthly company meetings, and the defendant gave the required reports. However, in listing disbursements, the defendant did not mention the ATM withdrawals.

6. On or about February 17, 2005, the president of the company learned that the company's operating account, which was used to pay the majority of the bills and the payroll for the company, was overdrawn.

7. Also on or about February 17, 2005, the president of the company called the defendant and asked him to come to the department to talk about the overdrawn account and to review the department's bank accounts. When the two met that same evening, the defendant falsely told the president that he had accidentally mismanaged the operating account by failing to account for automatic withdrawals which were regularly deducted from that account.

*Charging Paragraphs*

8.	From on or about October 20, 2003, through on or about February 18, 2005, in the State and District of Delaware, having devised and intending to devise the scheme and artifice to defraud Cranston Heights Fire Company as described in paragraphs one through seven above, incorporated herein by reference, and for the purpose of executing such scheme and artifice to defraud, Harry V. McMullen, the defendant, did knowingly transmit signals by wire in interstate commerce between Wilmington, Delaware and Providence, Rhode Island, by making cash withdrawals from Cranston Heights Fire Company bank accounts via Citizens Bank ATM terminals, all in violation of Title 18, United States Code, Section 1343.

>	COLM F. CONNOLLY
>	United States Attorney
>
>	BY:	_____
>		Beth Moskow-Schnoll
>		Assistant United States Attorney

Dated: February 9, 2006