IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | |
|     v. | : | Criminal Action No. 05-89-*** (MPT) |
| | : | |
| HARRY V. McMULLEN | : | |
|     Defendant | : | |
| | : | |

    NOW COMES Harry V McMullen, Pro se, and gives response to the governments December 3rd, 2007 response to petitioners 2255 motion.

Memorandum Contra

    The defendant, hereafter known as McMullen, responds by saying that the factsas to the timeline are undisputed. On February 9, 2006, McMullen did in fact enter into and signed a plea agreement. Line 3 of said plea agreement unequivocally states "While treasurer, he knowingly devised a scheme to defraud the Cranston Heights Fire Company." It is undisputed that the defendant knowingly and intelligently admitted to holding the position from December 2001 thru February 18, 2005. McMullen also states that while treasurer, (emphasis on while) he divised the scheme.

    The government argues on page 5, that the illegal activities alleged, took place while McMullen used the ATM. The alleged activity from the credit cards alone totaled less than $350,000.00 that the defendant was enhanced upon. The government contends that persuant to the 2000 addition of the guidelines manual, the defendants base level would be 4. McMullen agrees. The government then states under 2B1.1(b)(4)(A), it would increase another 2 levels for more than minimal planning. No where in the plea agreement did defendant admit to more than minimal planning. On that theory alone the government would make McMullen's point that the 2000 guideline was appropriate. Assuming that he

started his planning when he first took the job. However, without that reasoning there can be no enhancement points.

    Again, based upon the governments response, the only activity being considered for establishing a clear date was the alleged use of the credit cards. (See governments response, page 8)  In that light the enhancement level would be less than the 11 points found in the overall amount being used in the calculation of enhancements.  If the court were to buy into the governments debit card argument based on the governments statement "There is no basis for the defendants allegation that the defense began in 1999." Then the proper guideline would still be 21 months.  The defendant calculates that based upon the governments argument the defendant would still be entitled to the reduction firstly argued in his 2255 motion.  Remembering that in the defendants plea agreement, he clearly stated that 2001 was the date in which the scheme alleged to have started. Therefore, simply put, the governments argument is flawed.

    Respectfully submitted,
December 26, 2007

*Harry V. McMullen*

Harry V. McMullen
05010-015
FCI Morgantown
P.O. Box 1000
Morgantown, WV  26507

### CERTIFICATE OF SERVICE

A true copy of the above entitled Memo Contra was served upon Beth Schnoll AUSA, by regular US Mail December 26th, 2007 by placing prepaid postage and depositing said mem into the post office box provided for inmates.

*Harry V. McMullen*

