IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| Harry V. McMullen, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-491-GMS |
| | ) | Cr. A. No. 05-89-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |


## MEMORANDUM OPINION[1]

_____


Harry V. McMullen. *Pro se* movant.

Beth Moskow-Schnoll, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for respondent.

_____


$O c t\ 6$ , 2008
Wilmington, Delaware

_____

[1]This case was re-assigned from the Vacant Judgeship to this court on January 30, 2008.

SLEET, Chief Judge

## I.      INTRODUCTION

Movant Harry V. McMullen ("McMullen") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I.. 35.)  The Government filed its answer, and McMullen filed a reply. (D.I. 45;  D.I. 46.)  For the reasons discussed, the court will deny McMullen's § 2255 motion without holding an evidentiary hearing.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

McMullen was the treasurer of Cranston Heights Fire Company ("CH") in Wilmington, Delaware from December 2001 until February 18, 2005.  As treasurer, McMullen exercised sole management and control over the department's bank accounts, and he alone monitored the activity of the department's bank accounts.  At some point after February 18, 2005, a thorough review of CH's accounts revealed that McMullen had misappropriated a total of $352,933.75. (D.I. 33 at pp. 19-29.)

On September 27, 2005, a federal grand jury returned an Indictment charging McMullen with sixteen counts of wire fraud in violation of 18 U.S.C. § 1343.  On February 9, 2006, McMullen pled guilty to a one-count information charging him with wire fraud in violation of 18 U.S.C. § 1343. (D.I. 33.)   The presentence report calculated McMullen's Sentencing Guideline range at 27-33 months imprisonment. *See* (D.I. 45.)  The calculation was based on the 2005 edition of the Guidelines Manual. *Id.*  On July 20, 2006, after McMullen acknowledged that he had no objection to either the facts contained in the presentence report or to the guideline calculation, the Honorable Kent A. Jordan sentenced McMullen to 30 months of imprisonment, followed by a three year term of supervised release. (D.I. 34.)  McMullen did not appeal his

conviction or sentence.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As explained below, the record conclusively demonstrates that McMullen is not entitled to relief for the claim asserted in his § 2255 motion. Accordingly, the court concludes that an evidentiary hearing is not warranted.

## IV. DISCUSSION

McMullen presents one claim for relief in his § 2255 motion, namely, that Judge Jordan should have calculated his sentence under the 2000 edition of the Guidelines Manual rather than the 2005 edition of the Manual because he started planning his scheme to defraud the fire company in 1999. As a general rule, "errors in the implementation in the Sentencing Guidelines are generally not cognizable on collateral attack." *United States v. Cepero*, 224 F.3d 256, 268 (3d Cir. 2000)(en banc). Therefore, the court will dismiss the § 2255 for failing to present an issue cognizable in this collateral proceeding.

Alternatively, the court concludes that the claim lacks merit. In the Memorandum of Plea Agreement, McMullen admitted that he knowingly devised a scheme to defraud CH from October 20, 2003 to January 13, 2005 by using ATM cards he had obtained without the consent of the officers and/or the board of the fire company. Specifically, he took cash withdrawals via ATM terminals from two fire company accounts and he used the money for his own benefit. In

addition, the Memorandum of Plea agreement reveals that McMullen was only appointed treasurer of the fire department in December 2001, and he did not obtain the debit cards used to commit the wire fraud offense until August 2003. McMullen also admitted all of these facts during his February 9, 2006 plea colloquy.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, McMullen has not provided any evidence to overcome the formidable barrier created by the statements he made during the plea colloquy that he did not begin to carry out his scheme to defraud the fire company until October 20, 2003. As a result, there simply was no reason for Judge Jordan to calculate McMullen's sentence under the 2000 edition of the Guidelines Manual. Accordingly, the court alternatively denies McMullen's § 2255 motion as meritless.

## V.    CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is dismissing McMullen's § 2255 motion after determining that his claim is not cognizable on collateral review, and alternatively, that the claim is meritless. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, McMullen

has failed to make a substantial showing of the denial of a constitutional right, and the court will not issue a certificate of appealability.

## VI.    CONCLUSION

For the reasons stated, McMullen's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is dismissed.  An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HARRY V. MCMULLEN,                          )
                                            )
       Movant/Defendant,                    )
                                            )
v.                                          )    Civ. A. No. 04-13  GMS
                                            )    Cr. A. No. 05-89-GMS
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
       Respondent/Plaintiff.                )

## ORDER

At Wilmington, this __6th__ day of _____ Oct. _____, for the reasons set

forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Movant Harry V. McMullen's motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I.

35.)

2. A certificate of appealability will not issue for failure to satisfy the standard set forth

in 28 U.S.C. § 2253(c)(2).

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

OCT - 7 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE